UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROSS PRODUCTS DIVISION ABBOTT
LABORATORIES INC. d/b/a EAS,

                Plaintiff,

                                                            **Report and Recommendation**

        -against-
                                                           CV 06-3264 (LDW)

RAYMOND SAPER a/k/a RAY SAPER d/b/a
SPORTS SUPPLEMENTS NORTHEAST,

                Defendants.
----------------------------------------------------------X

**ORENSTEIN, Magistrate Judge:**

       Plaintiff Ross Products Division Abbott Laboratories Inc. d/b/a/ EAS ("plaintiff" or "Ross Products") commenced this action against defendants Raymond Saper a/k/a Ray Saper d/b/a Sports Supplements Northeast ("defendants") alleging, *inter alia*, breach of contract and unjust enrichment. *Compl.* at ¶¶ 6-14. On or about April 1, 2005 and October 6, 2005, Ross Products allegedly sold various nutritional supplements to Saper at their request at an agreed upon price which was received and accepted by defendants (the "Agreement"). *Plaintiff's Memorandum of Law in Support of Motion to Amend Complaint*, at 5. According to plaintiff, prior to defendants' purchase of the goods from plaintiff, Saper represented that his business, Sports Supplements Northeast had the requisite financial ability to undertake and complete the contractual terms and obligations agreed to by the parties. *Id.*

       Plaintiff first learned that Saper was acting as a representative of Goodfellas Inc. d/b/a Sport Supplements Northeast ("Goodfellas, Inc."), and not as Raymond Saper a/k/a Ray Saper d/b/a Sports Supplements Northeast from defendants' Answer, dated August 18, 2006 and defendants' initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1), dated October 26, 2006. *Answer*, dated August 18, 2006; *Initial Disclosure*, dated October 26, 2006; *see Vogel Affirmation*, dated December 22, 2006, Exhs. B and C. This Court held an initial conference on November 27, 2006 wherein the Court directed plaintiff to move to amend the summons and complaint by December 26, 2006. *Order*, dated November 27, 2007, Orenstein, M., M.J.

       Plaintiff now moves for an Order pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 21 granting it leave to serve and file an Amended Summons and an Amended Complaint in order to (1) add Goodfellas, Inc. as an additional party defendant; (2) set forth a claim for fraudulent

1

inducement against Saper and Goodfellas, Inc.; and (3) set forth a claim of piercing the corporate veil against Saper in his personal capacity as the alter ego of Goodfellas, Inc. *Notice of Motion*, dated December 22, 2006 (and supporting affirmation, exhibits and memorandum of law). Defendants oppose the motion, arguing principally that plaintiff unduly delayed making the instant motion since plaintiff allegedly knew of the existence of Goodfellas, Inc. since July 2006 and that plaintiff's allegations about Saper's conduct are impermissibly vague and fail to state a claim. *Defendants' Memorandum of Law in Opposition to Motion to Amend Complaint*, dated December 28, 2006 (and supporting affirmation in opposition).

Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). *See also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997); *Zahra v. Town of Southhold*, 48 F.3d 674, 685 (2d Cir. 1995); *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). "The Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99 (1957).

Only upon a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment" should leave to amend a pleading be denied. *Foman*, 371 U.S. at 182, 83 S. Ct. 227; *Block*, 988 F.2d at 350 ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing of prejudice or bad faith."); *see Richardson Greenshields Securities, Inc., v. Lau*, 825 F.2d 647, 653 (2d Cir. 1987). In assessing the likelihood of prejudice, the Court examines whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350; *see also Royal Ins. Co. of America v. DHL Worldwide Express*, 1999 WL 494118, at *5 (S.D.N.Y. July 13, 1999).

An amendment is considered futile if the proposed cause of action would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (where the amended portion of the complaint would fail to state a cause of action, the district court may deny the party's request to amend); *see also Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 51 (2d Cir. 1999); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). Accordingly, in determining whether a proposed amendment would be futile, the Court adopts the same analysis as that applied on a motion to dismiss under Rule 12(b)(6). *See id.; Skylon Corp. v. Guilford Mills, Inc.*, 1997 WL 88894, at *1 (S.D.N.Y. Mar. 3, 1997) (motion to dismiss standard is "a standard substantially the same as the standard for futility under a motion to amend").

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true the allegations in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient. *See Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985; *World Wrestling Federation Intertainment, Inc. v. Bozell*, 2001 WL 561241, at *15 (S.D.N.Y. May 24, 2001). The court should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)); *see Harsco v. Segui*, 91 F.3d 337, 341 (2d Cir. 1996).

(1) Additional Party Defendant

Plaintiff seeks leave to amend the complaint to add Goodfellas, Inc. as an additional party defendant. Defendants oppose the motion, stating that the motion is untimely.

"Where the proposed amendment seeks to add new defendants . . . Rule 21 governs." *Chowdhury v. Haveli Restaurant, Inc.*, 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005) (internal quotation marks and citation omitted); *see Javier H. v. Garcia-Botello*, 2006 WL 2846850, at 4-5 (Sept. 29, 2006). Under Fed. R. Civ. P. 21, an amendment to add a party to a civil lawsuit may be made by order of the court "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *see Johnson v. Constantellis*, 2005 WL 2291195, at * 22 (S.D.N.Y. Aug. 10, 2005); *see T & O Shipping, Ltd. v. Source Link Co.*, 2006 WL 3513638, at *3 (S.D.N.Y. Dec. 5, 2006). In determining whether to grant leave to add a party pursuant to this rule, "a court is guided by the same liberality afforded to motions to amend pleadings under Rule 15." *Chowdhury*, 2005 WL 1037416, at *1; *see Zarycki v. Mount Sinai/NYU Health*, 2005 WL 2977568, at *4 (S.D.N.Y. Nov. 4, 2005) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either rule.") (internal quotation marks and citation omitted).

The proposed addition of Goodfellas Inc. is not unduly delayed or prejudicial, and has not been shown to be made in bad faith. Plaintiff submits that the failure to identify Goodfellas Inc. as a party defendant was based on its reliance on Saper's representations that Saper's business was Sports Supplements Northeast. Plaintiff maintains that it was not until it received the initial disclosure from defendants pursuant to Fed. R. Civ. P. 26(a)(1) that Plaintiff learned of the proper corporate identity of Saper's business. *Plaintiff's Memorandum of Law in Support of Motion to Amend Complaint*, at 5. Notably, defendants' Answer also sets forth the proper corporate identity as Goodfellas, Inc. *Answer*, dated August 8, 2006, ¶¶ 7-13.

Shortly thereafter, plaintiff raised this issue with the Court at the initial conference on November 27, 2006, and plaintiff timely filed the instant motion by Notice of Motion dated December 22, 2006. Finally, the Court notes that any claims involving this additional defendant

3

relate closely to issues already in the pleadings, namely the alleged Agreement between the parties and are based upon the same facts and circumstances, and clarify and/or correct the corporate formalities involved in this matter. *See Lamont v. Frank Soup Bowl, Inc.*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) ("[A]mendments seeking to insert or correct matters about which parties should have known but `did not know are plainly within the scope of Rule 15(a)'") (quoting *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986); *see also Gutman v. Equidyne Extractive Indus. 1980 Petro/Coal Program 1*, 769 F. Supp. 121, 124 (S.D.N.Y. 1991); *Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989); *cf. A.V. by Versace, Inc. v. Gianni Versace S.P.A.*, 87 F. Supp.2d 281, 299 (S.D.N.Y. 200) (granting leave to amend complaint so as to add additional corporate defendants and finding no prejudice where, *inter alia*, claims against additional defendants did not raise factual claims unrelated to events in original complaint).

Accordingly, there being no showing of undue prejudice, undue delay or bad faith associated with plaintiff's motion for leave to file an Amended Complaint in order to add as an additional party defendant, Goodfellas, Inc., the Court respectfully reports and recommends that plaintiff's motion be granted

(2) Fraud Claim

Plaintiff seeks leave to add a claim for fraudulent inducement against Saper and Goodfellas, Inc. According to Plaintiff, defendants made false and misleading statements relating to defendants' financial ability to induce plaintiff to enter into the Agreement with Sports Supplements Northeast, now claimed by defendant Saper to be the assumed name of Goodfellas, Inc. Plaintiff maintains that Saper failed to disclose that he was acting as a representative of Goodfellas, Inc.

In order to state a claim for fraud, a plaintiff must establish: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76 (1996)); *see Alredo Productions, Inc. v. Sandra Carter Productions, Inc.*, 2006 WL 453248, at *7 (S.D.N.Y. Feb. 22, 2006). Fed. R. Civ. P. 9(b) adds an additional pleading requirement for a claim of fraud and states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Pursuant to the rule, "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). In order to comply with Rule 9(b), allegations of fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks and citations omitted).

4

Plaintiff has sufficiently complied with Rule 9(b)'s requirement. The proposed amended complaint adequately identifies the alleged misrepresentation, the author and the setting, namely that Saper allegedly misrepresented that his business Sports Supplement Northeast had the requisite financial ability to undertake and complete the contractual terms of the Agreement which plaintiff relied upon to its detriment and thereby was induced to enter the Agreement with Sports Supplements Northeast (now claimed by Saper to have been Goodfellas Inc.'s assumed name).

Notwithstanding, a plaintiff cannot maintain a claim for fraud, "when the only fraud charged relates to a breach of contract, or where the fraud claim is duplicative of, or inextricably related to, a breach of contract claim." *Dooley v. Metropolitan Jewish Health Sys.*, 2003 WL 22171876, at *10 (E.D.N.Y. July 30, 2003) (internal quotation marks and citation omitted). "Rather, in situations where a plaintiff raises both a breach of contract and fraud claim, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Id.* (internal quotation marks and citation omitted). Indeed, under New York law, "a plaintiff fails to state a claim for fraud when the only fraud alleged relates to a breach of contract, or when the fraud claim is duplicative of a breach of contract claim, or when the fraud claim is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement." *Alredo Productions, Inc.*, 2006 WL 453248, at *7 (internal quotation marks and citations omitted).

The first three claims in the proposed amended complaint based on breach of contract and unjust enrichment, correspond in part to the proposed fraud claim, (*see* Proposed Amended Compl., ¶¶ 17-25), and seek the same amounts due and owing. Thus, to the extent that plaintiff's fraud claim is based in part on the alleged terms agreed to by the parties with respect to the Agreement, this Court respectfully reports and recommends that plaintiff's motion to amend be denied because the fraudulent inducement claim is duplicative of the breach of contract claim. To the extent, however, that the balance of plaintiff's fraud claim is based on the misrepresentations that plaintiff claims Saper and Goodfellas, Inc. made with knowledge of their falsity and with the specific purpose of misleading plaintiff into entering the alleged contractual agreement between the parties, this Court respectfully reports and recommends that plaintiff's motion to amend be granted. Because such allegations are separate and distinct from the underlying breach of contract claims, the Court cannot conclude at this early stage of the proceedings that plaintiff would not be entitled to any relief on its fraudulent inducement claim separate from its contract damages. *See Stewart v. Jackson & Nash*, 976 F.2d 86, 89-90 (2d Cir. 1992).

Therefore, this Court respectfully reports and recommends that plaintiff's application for leave to add a fraud claim against Saper and Goodfellas, Inc. be granted in part and denied in part.

(3) Piercing the Corporate Veil/ Alter Ego Claim

Plaintiff seeks leave to add a claim of fraud against Saper under the alter ego theory and doctrine of piercing the corporate veil.

A party seeking to pierce the corporate veil must generally show under New York law that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Matter of Morris v. New York State Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 140-41, 603 N.Y.S.2d 807, 810-11 (1993). The control element is demonstrated by factors indicating that the corporation is the alter ego of an individual or another corporation, such as:

(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arm's length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991).

Plaintiff fails to allege sufficient facts in the proposed amended complaint to support an alter ego theory for piercing the corporate veil. Plaintiff alleges only that "Saper is directly involved in the operation and management of Goodfellas to such an extent that Goodfellas' separate status as a corporate entity is completely ignored," and that "Saper used his control and domination of Goodfellas to defraud Plaintiff by making knowingly false representations to Plaintiff that Goodfellas was adequately capitalized and able to meet its financial obligations to Plaintiff pursuant to the Agreement." (Proposed Amended Compl., ¶¶ 26-38). Outside of these conclusory allegations of control, the proposed amended complaint is devoid of any factual allegations to establish that Saper's domination of Goodfellas, Inc. was the means by which a wrong was done to plaintiff. *See In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp.2d 385, 426 (S.D.N.Y. 2003) ("purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability"); *see also De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (dismissing claim based on alter-ego liability where complaint was "devoid of any specific facts or circumstances supporting" plaintiff's conclusory allegations concerning defendant's domination of its subsidiary).

6

Accordingly, this Court respectfully reports and recommends that plaintiff's motion for leave to file an Amended Complaint in order to add a claim against Saper based on alter ego liability be denied.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within fifteen (15) days of the date of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

**SO ORDERED.**

Dated:  March 28, 2007
        Central Islip, New York

_____
MICHAEL L. ORENSTEIN
United States Magistrate Judge
